In the Matter of the Application of KATHERINE MULLENS ALBERS, as a Person Beneficially Interested in the Estate of CHARLES A. MULLENS, Deceased, to Remove CHARLES A. MULLENS, JR., as Administrator, etc., of the Said CHARLES A. MULLENS, Deceased, and to Revoke Letters of Administration Issued to Him by This Court. KATHERINE MULLENS ALBERS, Appellant; CHARLES A. MULLENS, JR., as Administrator, etc., of CHARLES A. MULLENS, Deceased, Respondent.— Petition by a resident of the State of New Jersey to revoke letters of administration on the estate of her father, who was a resident of the State of New York at the time of his death, granted to her brother, the respondent, also a resident of the State of New York. Decree of the Surrogate's Court of Kings county, denying the application of the petitioner, unanimously affirmed, with costs to the respondent, payable out of the interest of the petitioner in said estate. (1) The petitioner, being a non-resident of the State of New York, was not a necessary party to the proceeding for letters of administration, in the absence of an order by the surrogate directing the service of a citation upon her (Surr. Ct. Act, § 120); (2) the papers on appeal fail to show that the respondent was or is disqualified to act as administrator by reason of any of the provisions of section 99 of the Surrogate's Court Act. If moneys of the estate have been unlawfully appropriated by the respondent, he may be surcharged therewith upon his accounting as administrator. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

In the Matter of the Petition of RICHARD D. SUTTER, as Executor of the Last Will and Testament of DANIEL SUTTER, Deceased, for a Determination of the Construction and Effect of the Said Last Will and Testament. HENRY SUTTER and Others, Appellants; RICHARD D. SUTTER, as Executor, etc., and Others, Respondents.— Decree of the Surrogate's Court of Nassau county determining that the appellants are not entitled to share in the residuary estate of the testator unanimously affirmed, with costs against the appellants. In our opinion only the children of the testator who were living at the time of the execution of the will are entitled to the residuary estate under the second paragraph of said will. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.